NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO A.D.

No. 1 CA-JV 24-0063

FILED 08-29-2024

---

Appeal from the Superior Court in Mohave County
No. S8015JD202200118
The Honorable Aaron Michael Demke, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Robert D. Rosanelli, Phoenix
*Counsel for Appellant Mother*

Arizona Attorney General's Office, Tucson
By Laura J. Huff
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Andrew M. Jacobs joined.

---

**C R U Z**, Judge:

**¶1**          Brenea S. ("Mother") appeals the superior court's order terminating her parental rights to her child, A.D.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**          A.D. was born exposed to fentanyl and amphetamines in November 2023.  Mother disclosed having used methamphetamine during the pregnancy and fentanyl as late as two days before A.D.'s birth.  Mother later disclosed an eight-year history of drug addiction and that she used twenty to thirty tabs of fentanyl daily during her pregnancy with A.D.  A.D. was diagnosed with neonatal abstinence syndrome (related to his substance exposure in utero) and had to be treated at a specialized nursery and Phoenix Children's Hospital for drug exposure symptoms and complications from being exposed to substances.  At the time of the termination adjudication hearing, A.D. was still sensitive to light, had leg tremors and a lazy eye, and had feeding issues requiring a prescription formula.

**¶3**          Mother had an extensive history with DCS before A.D. was born.  She gave birth to a substance-exposed newborn in 2020, and her parental rights to that child and three others were terminated in October 2023 based on her chronic substance abuse and failure to participate in reunification services.

**¶4**          When A.D. was released from the hospital, DCS placed him with his maternal grandmother, who was the adoptive placement for his older siblings.  DCS filed a dependency petition.  Mother did not contest the dependency, and the superior court found A.D. dependent as to Mother.

**¶5**          DCS petitioned for termination in December 2023.  Several days before the termination petition was filed, Mother entered a residential drug treatment program, Hildy's House.  By late December 2023, Mother remained in the "contemplation stage of change" and Hildy's House staff opined that Mother's "continued [drug] use [was] imminent should [Mother] not be . . . in a therapeutically controlled environment" because Mother "lack[ed] the tools and skills to abstain from illicit substance use and maintain a successful recovery."  At the termination adjudication in January 2024, Mother had been at Hildy's House for about two months and had not completed the program.  Mother testified that she would complete

the program in thirty-one days and planned to live at a sober living home and seek employment thereafter.

**¶6**          After the termination hearing, the superior court terminated Mother's parental rights pursuant to Arizona Revised Statutes ("A.R.S.") section 8-533(B)(2) (neglect), (3) (history of chronic abuse of dangerous drugs), and (10) (prior termination for same cause within preceding two years).  The court found that termination was in A.D.'s best interests. Mother timely appealed,[1] and we have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), - 2101(A)(1).

## DISCUSSION

**¶7**          Mother raises one issue on appeal:  whether the superior court erred by finding termination of her parental rights was in A.D.'s best interests.

**¶8**          "We will affirm a termination order unless the juvenile court abuses its discretion or the court's findings are not supported by reasonable evidence." *Timothy B. v. Dep't of Child Safety*, 252 Ariz. 470, 474, ¶ 14 (2022). We view the facts in the light most favorable to sustaining the superior court's ruling. *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 2, ¶ 2 (2016).  We do not reweigh the evidence, because the superior court "as the trier of fact in a termination proceeding, is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).  The superior court may terminate a parent-child relationship if DCS proves by clear and convincing evidence at least one of the statutory grounds set forth in A.R.S. § 8-533(B).  *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000).  The court must also find by a preponderance of the evidence that termination is in the child's best interests.  *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005).

**¶9**          "[O]nce the juvenile court finds [a] parent unfit due to the existence of at least one ground listed in § 8-533(B), the parent's continuing interests in the care and custody of the child become less important than the child's best interests." *Timothy B.*, 252 Ariz. at 478, ¶ 30.  "[T]he court must balance [the] diluted parental interest against the independent and often adverse interests of the child in a safe and stable home life."  *Kent K.*, 210 Ariz. at 286, ¶ 35.  Termination is in a child's best interests if the child would benefit from termination or be harmed by continuation of the parent-child

---

[1]          A.D.'s father is not a party to this appeal.

relationship. *Maricopa Cnty. Juv. Action No. JS-500274*, 167 Ariz. 1, 5 (1990). Relevant factors may include whether the child's existing placement is meeting the child's needs and whether the child is adoptable. *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 30 (App. 2010). Courts must consider the totality of the circumstances existing at the time of the best-interests inquiry. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 150-51, ¶ 13 (2018).

**¶10** Mother argues the superior court failed to consider the totality of the circumstances when making its best interests determination. Mother also argues that termination was not in A.D.'s best interests because, at the time of the hearing, she had been in a residential treatment program for about two months and was sober and able to care adequately for A.D.

**¶11** The superior court found that termination of Mother's parental rights was in A.D.'s best interests because he was adoptable and termination would allow A.D. to be adopted by his maternal grandmother and remain with his siblings, and because Mother was unable to provide a safe and stable drug-free home.

**¶12** Viewing the record in the light most favorable to upholding the superior court's best interests finding, sufficient evidence supports the finding. The DCS case manager testified that A.D. was adoptable and was placed with his maternal grandmother, who planned to adopt him and his older siblings. A.D.'s grandmother was capable of meeting all of his needs, including his special medical needs. The case manager testified that if Mother's parental rights were not terminated, A.D. would be left in limbo for an indeterminate time period because Mother still needed to show she could remain sober outside of the residential treatment context and needed to acquire a safe and stable home for A.D. Although Mother was in a residential treatment program, she had a long history of abusing substances and had not been able to maintain sobriety on her own. And Mother acknowledged during her testimony that she would not be able to parent A.D. for "[a]bout six months to a year," after she obtained employment and a safe home for A.D. Because reasonable evidence supports the superior court's best interests finding, we affirm.

**CONCLUSION**

¶13       For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV